CRAWFORD vs DUCKWORTH.

Opinion delivered October 26, 1899.

*Citizenship—Court Records—Judicial Notice.*

The United States Court in the Indian Territory will take judicial notice that one claiming to be a citizen of the Cherokee Nation made application to the Dawes Commission to be enrolled as a citizen thereof. That the Commission passed upon his case and rejected his application, and that claimant thereupon appealed to the United States Court, which also rejected his application. That he thereupon appealed to the Supreme Court of the United States where his appeal is now pending undisposed of.

Appeal from the United States Court for the North-
ern District.

W. M. SPRINGER, Judge.

Ejectment by F. M. Duckworth against V. O. Craw-
ford. Judgment for plaintiff. Defendant appeals. Affirmed.

On the 15th day of December, 1898, the plaintiff below
(appellee here) filed his amended complaint against the de-
fendant below (appellant here,) and alleged that he was a
citizen of the Cherokee Nation, and that the appellant and
certain other parties, who were joined as defendants, were
citizens of the United States, and not members of the
Cherokee Nation; that defendant V. O. Crawford, as a claim-
ant for citizenship, made improvements, sued for in this
action, on land belonging to the Cherokee Nation, claiming
rights of citizenship in said nation, but that his claims were
decided adversely under the act of congress approved June
10, 1896; that the improvements which he made were ap-
praised and payment therefor tendered by the Cherokee
Nation under the agreement with the United States approv-
ed by congress March 3, 1893. Plaintiff further alleges that
he is the head of a family, and that he is the owner and en-
titled to the possession of the improvements sued for,
described as follows: ''A farm or improvement known as
the V. O. Crawford farm or improvement, consisting of 100
acres of land in cultivation, more or less, with a three room
house, stable, sheds, and other outbuildings, situated about
two miles west of Claremore, I. T., on the south side of the
public road running from Claremore to Galcatcher ford, on
the Verdigris river;'' that said improvements were appraised
as those of defendant V. O. Crawford, and payment ten-
dered and refused by said Crawford, and that on November
27, 1897, the said land and improvement, with the right of
occupancy thereof, were sold by the Cherokee Nation at

sheriff's sale under and by virtue of an act of the national council of the Cherokee Nation providing for the sale of improvements left by intruders, and the amendments thereto; that a certificate of purchase was executed to the plaintiff, whereby plaintiff became the owner and entitled to the possession of said premises; that defendants have been in unlawful possession of same since November 27, 1897, to plaintiff's damage $250. Defendant V. O. Crawford on same day files answer, and denies the allegation that he is not a member of any Indian tribe or nation; alleges that he is an adopted member of the Cherokee Nation by intermarriage with Susan E. Woodruff, a recognized and enrolled member of the Cherokee Nation at the time of their marriage, and that he made and holds said improvements as such adopted citizen, and denies that plaintiff is the owner or entitled to possession of the same. Defendant admits plaintiff claims by virtue of the alleged sheriff's sale and the certificate issued upon same, but alleges that the act of the national council under which said sale took place is in violation of the Cherokee constitution, and is therefore void; that said act is in violation of the fourteenth amendment to the constitution of the United States, and is void on that ground. And defendant further alleges that the act of congress of March 3, 1893, providing for the appraisement of certain improvements in the Cherokee Nation, is in violation of the fifth article of the amendment to the constitution of the United States, and is therefore void. Defendant alleges that the improvement consisted of about 300 acres, and is not more than he and his family would be entitled to under allotment; that the act of the national council prohibited the sale of more than 100 acres to any one person, and that there had been no segregation or designation of any 100 acres of his said improvement; and he alleges the plaintiff claims the whole improvement under his certificate of purchase, and therefore the sale is void. Defendant denies that any of

defendants are in the unlawful possession of premises, or that plaintiff had been damaged in any sum whatever. On same day plaintiff filed a demurrer to defendant's answer on the ground that same does not contain facts sufficient to constitute a cause of action. On the same day the Cherokee Nation was made a party plaintiff, and the court sustained the demurrer. The defendant refused to plead further, whereupon the court impaneled a jury to try the question of damages, who returned a verdict for $150 for plaintiff. The court rendered judgment on the verdict, and defendant asked 60 days to file a bill of exceptions to the judgment sustaining the demurrer, and the judgment on the verdict. Thirty days were allowed defendant to file a supersedeas bond. On January 23, 1899, a bill of exceptions was filed, and on February 23, 1899, an appeal was granted upon application of defendant to the clerk of this court for appealing to this court, which was allowed.

*Geo. B. Denison,* for appellant.

*Hutchings & West,* for appellee.

TOWNSEND, J. The appellant files four specifications of error, as follows: "(1) The trial court erred in sustaining the demurrer of the plaintiff to the separate answer of defendant Crawford to the amended complaint; (2) the court erred in rendering judgment for the plaintiff, Duckworth, on the pleadings, which error was excepted to at the time; (3) the court erred in overruling the objection of the defendant to the introduction of testimony before the jury on the question of damages, which error was excepted to at the time; (4) the court erred in rendering judgment for damages upon the verdict of the jury, which error was excepted to at the time."

The court below rendered the following opinion in

this case: ''The defendant V. O. Crawford filed his separate answer in the case, whereupon the plaintiff files his demurrer to said answer. Counsel for plaintiff moves to make the Cherokee Nation a party plaintiff to this suit, which motion is allowed, and William T. Hutchings, counsel for the Cherokee Nation, enters an appearance for the nation. The question now turns upon the demurrer of the plaintiff to the separate answer of V. O. Crawford. In passing upon this demurrer the court will take judicial cognizance of the fact that the person through whom the defendant claims to be a citizen of the Cherokee Nation made application to the Dawes commission to be enrolled as citizens of the Cherokee Nation, that the commission passed upon the case, and rejected their application; that the claimants thereupon appealed to the United States court, which also rejected their application to be enrolled as citizens of the Cherokee Nation. Thereupon the claimants to citizenship, mentioned, appealed their case to the supreme court of the United States, where it is now pending and undisposed of. This court has passed upon, heretofore, every possible phase that could be presented in citizenship cases, and has heard most exhaustive and elaborate arguments on those cases, and upon all the laws applicable thereto. The case at bar presents very clearly, and, I may say, with marked ability, the contentions of the claimants in this case; and I could not have suggested a more perfect pleading, or better case upon which they could have their rights finally determined in the highest judicial tribunal in the land. My views of the law may not be sustained by the higher courts, but I have reached these conclusions after exhaustive examinations, and my only desire is to decide these cases upon just principles, and such legal convictions that, when the cases come to be reviewed by the higher courts, I will have the satisfaction of being sustained or reversed by the greatest court in the world; and I am willing to abide that test, although I will still adhere to

the position I have heretofore taken in these cases.  I am of the opinion in this case that, under the laws of the Cherokee Nation and of the United States, the defendant in this case is not a citizen of the Cherokee Nation, and has no right to make improvements and to hold improvements in the Cherokee Nation, and that the improvements made by him under the law that existed in the Cherokee Nation were the property of the Cherokee Nation, as declared by their laws, as I understand them, and that the proceedings which have been taken to secure possession by a citizen of the nation of those improvements have been taken in accordance with the laws of the Cherokee Nation and the acts of congress, and that they are valid and binding upon all concerned, and especially upon this court, and that, therefore, the demurrer to this answer will be sustained."

The appellee has evidently deemed it unnecessary to file any brief in this case.  The whole controversy is one of citizenship.  The appellant complains that the court below has not confined his opinion to the facts admitted by the demurrer, as stated in his answer, but says, "We believe that it would be an idle waste of time to cite, and ask this court to examine, authorities in this case."  The court below, in rendering his opinion, has simply taken cognizance of the records of his own court, so far as appellant is concerned, and having judicial knowledge that appellant is not a citizen of the Cherokee Nation, and has no right to make and hold improvements in the Cherokee Nation, and that the same is the property of the Cherokee Nation, under the law, finds for the plaintiff.  We concur with the trial court "that the proceedings  *  *  *  have been taken in accordance with the laws of the Cherokee Nation and the acts of congress, and that they are valid and binding upon all concerned."  Therefore the judgment of the court below is affirmed.

CLAYTON and THOMAS, JJ., concur.